UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| GRANDE VOITURE D'OHIO LA SOCIET DES 40 HOMMES ET 8 CHEVAUX, | |
| Plaintiff, | Case No. 3:24-cv-148 |
| vs. | |
| CHARLES J. SIMPSON, *et al.*, | District Judge Michael J. Newman |
| | Magistrate Judge Peter B. Silvain, Jr. |
| Defendants, | |
| vs. | |
| FRANK W. KRONEN, *et al.*, | |
| Third-Party Defendants. | |

**ORDER: (1) GRANTING PLAINTIFFS AND THIRD-PARTY DEFENDANTS' MOTION TO REMAND (Doc. No. 5); (2) REMANDING THIS CASE TO THE MONTGOMERY COUNTY, OHIO COURT OF COMMON PLEAS; (3) DENYING AS MOOT ALL PENDING MOTIONS (Doc. Nos. 6, 9, 10); (4) PERMITTING PLAINTIFF AND THIRD-PARTY DEFENDANT FOURTEEN (14) DAYS TO FILE ONE OR MORE SANCTION MOTIONS FOR COSTS; AND (5) TERMINATING THIS CASE ON THE COURT'S DOCKET IF NO SUCH SANCTION MOTION IS FILED**

Plaintiff is an active and registered Ohio non-profit corporation.  In a case it previously filed in state court, Plaintiff obtained a judgment in the amount of $108,012.50 plus post-judgment statutory interest against Defendant Charles J. Simpson.  *See* Doc. No. 1-1 at PageID 9, 18 (*Grande Voiture D'Ohio La Societ des 40 Hommes et 8 Chevaux v. Charles J. Simpson, Esq.*, No. 2018 CV 01457 (Montgomery Cnty. C. P. Feb. 22, 2024)).

On April 25, 2024, Plaintiff filed a second case in state court (Doc. No. 2 at PageID 32), seeking to enforce the $108,012.50 judgment against Defendant Simpson by marshalling liens and foreclosing certain real estate he owned in Dayton, Ohio.  *Id*. at 8-11 (*Grande Voiture D'Ohio La*

*Societ des 40 Hommes et 8 Chevaux v. Charles J. Simpson, Esq.,* No. 2024 CV 02411 (Montgomery Cnty. C. P. Apr. 25, 2024)). Defendant Simpson, proceeding *pro se*,[1] removed that judgment enforcement/foreclosure case to this Court asserting federal question jurisdiction and raising counterclaims against third-party Defendants Frank Kronen and Kevin A. Brown. Doc. No. 1 at Page ID 3; Doc. No. 1-2 at PageID 25-30.

The case is before the Court upon Plaintiff and Third-Party Defendants' motion to remand (Doc. Nos. 5), Simpson's *pro se* response (Doc. No. 8), Plaintiff's motion to strike Simpson's Answer, Counterclaim, and Third-Party Complaint (Doc. No. 6), Simpson's counter motion (Doc. No. 9), Plaintiff and Third-Party Defendants' motion to dismiss (Doc. No, 10), and Simpson's response (Doc. No. 11).

"A civil case brought in state court may be removed to federal court if the action could have been brought in federal court originally." *White v. Medtronic, Inc.*, 808 Fed. App'x 290, 292 (6th Cir. 2020) (citing 28 U.S.C. § 1441(a)). The proper focus of the removal analysis is on the complaint filed in (and removed from) state court, not on a defendant's answer or counterclaims. *See Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019) (removal depends on "whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction"). The enforcement/foreclosure complaint Plaintiff filed in state court is based only on state law and does not advance a claim under 42 U.S.C. § 1983 or any other federal statute. *See* Doc. No. 2 at PageID

---

[1] Defendant Simpson is an attorney licensed to practice law in the State of Ohio and in this Court. Due to his legal training and experience, he would not ordinarily receive "the special consideration which the courts customarily grant to *pro se* parties." *Harbulak v. Suffolk Cnty.*, 654 F.2d 194, 198 (2d Cir. 1981) (quoting *Haines v. Kerner*, 404 U.S. 519, 520(1972) (per curiam)); *cf. Andrews v. Columbia Gas Transp. Corp.*, 544 F.3d 618, 633 (6th Cir. 2008) (finding no abuse of discretion when magistrate judge denied *pro se* party's order based on legal deficiency because party was a practicing attorney). Nonetheless, in the interest of justice, the Court has liberally construed Simpson's filings in his favor. *See, e.g.*, *O'Connor v. United States*, 159 F.R.D. 22, 23-25 (D. Md. 1994) (liberally construing *pro se* attorney's pleadings).

2

32-35. Simpson's characterization of this case as an independent federal action under § 1983 or other federal statutes overlooks that his alleged federal claims do not appear on the face of Plaintiff's state-court complaint. Moreover, his counterclaims are irrelevant to whether this Court had jurisdiction over Plaintiff's operative complaint. *See Home Depot U.S.A.,* 587 U.S. at 442 ("Section 1441(a) … does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action"). Further, Defendant Simpson did not remove this case based on diversity jurisdiction most likely because all parties in the case are citizens of the State of Ohio and, consequently, complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a) is absent. *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999) ("In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship …"); *see also* Doc. No. 1-3 at PageID 31; Doc. No. 2 at PageID 32-33; Doc. No. 5 at PageID 47.

Accordingly, Plaintiff's motion to remand is **GRANTED**; this case is **REMANDED** to the Montgomery Ohio, Court of Common Pleas; all pending motions are **DENIED** as moot. Finally, because Simpson is an Ohio citizen, *see* Doc. No. 1 at PageID 1-5, this case is non-removable even if jurisdiction were to exist (which it does not). 28 U.S.C. § 1441(b)(2). Given that this removal was without merit and thus frivolous, the Court will entertain one or more sanction motions for costs, should Plaintiff or Third-Party Defendants file such a request within fourteen (14) days. If no such motion is filed, this case will then be **TERMINATED ON THE DOCKET**.

**IT IS SO ORDERED.**

  August 12, 2024                                    s/*Michael J. Newman*
                                                                    Hon. Michael J. Newman
                                                                    United States District Judge